UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ARNOLD LEWIS,

                Plaintiff,

v.                                                  Case No. 23-cv-431-pp

MS. GUTHRIE, MS. WHITE
and CHRISTIAN SANTIAGO,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      James Arnold Lewis, who is incarcerated at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 3, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 1, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $43.15. Dkt. No. 6. The court received that fee on June 13, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Ms. Guthrie and Ms. White, who work at Kettle Moraine Correctional Institution, and Christian Santiago, who is incarcerated there. Dkt. No. 1 at 1. The plaintiff alleges that while working in the prison's bakery on the morning of April 8, 2021, Santiago instructed him to wash out the large "industrial" bowls. Id. at ¶¶5-6. The plaintiff says that the bowls are too big to wash in the sink and must be lifted onto the counter, washed out and sprayed out and that the floor is "constantly wet" after the large mixing bowls are washed. Id. at ¶¶7-8. After washing and rinsing the bowl, the plaintiff allegedly tried to lift it "from the sink counter and back onto its rolling

3

support stand." Id. at ¶9. He states that he "slipped on the wet floor causing his foot to get caught inside the rolling support and the support rolling from between his foot causing him to fall and injure his back, his right knee, and his right hip; and causing him extreme pain." Id. at ¶10. As a result of the fall, the plaintiff allegedly spent about four months on crutches and/or using a cane. Id. at ¶11. He says he also had to endure four weeks of physical therapy (the maximum allowed by the institution) and then several months on his own rehabbing and strengthening his right leg. Id. at ¶12.

The plaintiff alleges that the sink is less than two feet from the work area and, when he worked in the bakery, several incarcerated individuals working there slipped. Id. at ¶13. Guthrie and White allegedly came into the bakery most days, and the plaintiff asked them several times if the bakery could have rubber mats for the bakery's dish area, like the rubber mats used for the dish area in the main kitchen. Id. at ¶¶14-15. The plaintiff states that Guthrie and White told him that they would look into getting rubber mats for the bakery and that he should bring his concerns to Santiago, the bakery's "5-Rate worker" and "inmate supervisor." Id. at ¶¶16-18. The plaintiff alleges that when he asked Santiago about getting rubber mats in the bakery's dish area, Santiago told him that "there was no concern that [the plaintiff] could raise to Santiago, that Santiago had not already raised with Ms. Guthrie and Ms. White—including the fact that the bakery needed rubber mats." Id. at ¶¶22-23. After the plaintiff fell, Guthrie allegedly put rubber mats in the dish area. Id. at ¶21.

4

The plaintiff says that he wrote an interview request to Guthrie and White, stressing the need for rubber mats in the dish area. Id. at ¶25. He says that Guthrie responded as follows:

> The rubber mats hang on the cart wash room wall. I encourage anyone who works in [food services] to use a mat if they feel unsafe. The Hobart bowls don't have to be washed in the bakery sink. These should go to the cart wash to be done by bakery workers. I've told many [food services] workers if you use it, you wash it.

Id. at ¶26. The plaintiff alleges, however, that he'd asked Santiago if "they"—presumably people working in the bakery—could use a rubber mat from the cart wash and "was told they were for the main kitchen and that Ms. Guthrie had said they could not be used in the bakery." Id. at ¶27.

The plaintiff claims that the defendants were deliberately indifferent to his safety because they knew of the dangerous work conditions but failed to provide rubber mats for the slippery floors. Id. at ¶28. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 5.

C. Analysis

To state a claim under 42 U.S.C. §1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutional right. See West v. Atkins, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). The plaintiff cannot sue Santiago under §1983 for an alleged constitutional violation because an

5

incarcerated individual is not clothed with the authority of state law and therefore does not act under color of state law. Lisinski v. Over, Case No. 22-CV-745-BHL, 2022 WL 4290776, at *2 (E.D. Wis. Sept. 16, 2022) (citing Mixon v. Coleman, No. 21-4137, 2021 WL 5405771, at *1 (C.D. Ill. Nov. 18, 2021) ("Plaintiff cannot sue another inmate pursuant to § 1983 because the inmate is not a state actor."); Gulley-Fernandez v. Naseer, No. 16-CV-133, 2016 WL 2636274, at *2 (E.D. Wis. May 5, 2016) ("A fellow inmate is not a 'state actor' as contemplated under § 1983."); Stewart v. McBride, 68 F.3d 477, n.1 (7th Cir. 1995) (noting that an incarcerated individual is not a state actor). The court will dismiss Santiago.

"[P]rison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk." Anderson v. Morrison, 835 F.3d 681, 682 (7th Cir. 2016) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Slippery surfaces at prisons generally do not constitute an Eighth Amendment violation because they are a common public risk and the possibility of slipping does not constitute a substantial risk of harm. See Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014) (holding that "slippery surfaces and shower floors in prisoner, without more, cannot constitute a hazardous condition of confinement" that violates the Eighth Amendment). On the other hand, while "prisons are not required to provide a 'maximally safe environment,' they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." Anderson, 835 F.3d at 683 (internal citations omitted) (allegation that prisoner

fell while being forced to walk, while handcuffed, down stairs covered in milk and garbage that defendants intentionally ignored satisfied the objective element at the screening stage).

The wet, slippery floor in the bakery dish area posed a risk of serious harm of which Guthrie and White were aware and that they could easily have prevented by providing a mat. The plaintiff may proceed on an Eighth Amendment claim against Guthrie and White.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that defendant Christian Santiago is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Ms. Guthrie and Ms. White. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$306.85** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Kettle Moraine Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 22nd day of August, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**